IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OPHERRO JONES, FED. REG. #02902-122, | ) ) ) | CIV. NO. 14-00231 LEK/BMK |
| | ) | ORDER DENYING MOTIONS FOR |
| Plaintiff, | ) | TEMPORARY RESTRAINING ORDERS OR |
| | ) | OTHER INJUNCTIVE RELIEF |
| vs. | ) | |
| | ) | |
| WARDEN SHINN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDERS OR OTHER INJUNCTIVE RELIEF

Before the court are Plaintiff's motions requesting immediate injunctive relief directing FDC-Honolulu officials to install shower mats or sandpaper strips outside of the prison's showers and to stop opening Plaintiff's mail from this court outside of his presence. *See* Mots., Doc. Nos. 7 and 8. Plaintiff filed this action on May 14, 2014, and has not yet paid the civil filing fee, submitted an in forma pauperis application, served the complaint, or served the present motions on FDC-Honolulu officials. Plaintiff's requests for immediate injunctive relief are DENIED without prejudice.

### I. LEGAL STANDARDS

The "circumstances justifying the issuance of an *ex parte* order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken

before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a temporary restraining order was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)). Rule 65 of the Federal Rules of Civil Procedure outlines the "stringent restrictions imposed" for issuing ex parte injunctive relief. *Id.*

A temporary restraining order will be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Similarly, the court may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately

2

determined.  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395

(1981).  To be entitled to preliminary injunctive relief, whether

a temporary restraining order or a preliminary injunction, a

party must demonstrate "that he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips

in his favor, and that an injunction is in the public interest."

*Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)

(citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7

(2008)).  The Ninth Circuit applies a "sliding scale" approach to

preliminary injunctions as to the showing a plaintiff must make

regarding his chances of success on the merits.  *Alliance for*

*Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052–53 (9th Cir. 2010)

(holding this sliding scale approach continues to apply after

*Winter*).  Under this sliding scale analysis, the elements of the

preliminary injunction test are balanced.  As relates to the

merits analysis, a stronger showing of irreparable harm to

plaintiff might offset a lesser showing of likelihood of success

on the merits.  *Id.*

Under the Prison Litigation Reform Act ("PLRA"), in

cases brought by prisoners involving conditions of confinement,

any preliminary injunction "must be narrowly drawn, extend no

further than necessary to correct the harm the court finds

requires preliminary relief, and be the least intrusive means

necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

## II.  <u>DISCUSSION</u>

In effect, Plaintiff seeks immediate relief on claims
that form part of the basis for his suit.  As noted, Plaintiff
has neither paid for commencing this action yet, nor served his
Complaint.  Plaintiff does not explain or certify in writing in
his Motions what steps he has taken to notify FDC-Honolulu
officials of the issues he raises in these Motions, provide
reasons why such notice should not be required, or demonstrate
that providing notice is impossible or fruitless.  *See Reno Air
Racing*, 452 F.3d at 1131.

Nor does Plaintiff plausibly allege facts showing that
he will suffer immediate and irreparable injury, loss, or damage
if the prison does not install shower mats outside all of the
showers or cease opening Plaintiff's mail from the court outside
of his presence.  First, prison officials may open and inspect
mail from the court outside of a prisoner's presence, because
mail from courts is not considered "legal mail."  *See Keenan v.
Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318
(9th Cir. 1998).  Plaintiff has no right to injunctive relief on
this claim.

Second, Plaintiff fails to show a likelihood of success
on the merits regarding the need to install shower mats or safety
strips in all of the prison's showers, or that *he* will suffer

irreparable harm in the absence of such preliminary relief.  In his Complaint, Plaintiff alleged he was injured stepping from the shower, was given immediate medical care for his injuries, and was moved to a handicapped cell.  *See* Compl., Count V, PageID #12.  Plaintiff is therefore aware of the possible dangers near the showers, and regardless, steps have been taken to prevent further injury to him by moving him to a cell that is equipped for a disabled prisoner.  There is no need for injunctive relief to preserve the status quo.  Plaintiff also fails to show that the balance of equities tip in his favor or that an injunction is in the public interest.  Plaintiff's Motions for Injunctive Relief, Doc. Nos. 7 and 8, are DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 2, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Jones v. Shinn*, 1:14-cv-00231 LEK/BMK; nondsp ords 2014; J:\Denise's Draft Orders\LEK\Jones 14-231 lek (dny 2 MOTS. inj. rlf showers & mail).wpd