IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OPHERRO GARY JONES, FED.<br>REG. #02902-122, | ) | CIV. NO. 14-00231 LEK-BMK |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT IN |
| Plaintiff, | ) | PART |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN SHINN, DOCTOR ACKLEY, | ) | |
| KITCHEN STAFF/DRY CEREAL | ) | |
| MANUFACTURER JOHN DOE 1-5, | ) | |
| JANE DOE 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT IN PART

Before the court is *pro se* Plaintiff Opherro Gary
Jones' prisoner civil rights Complaint. *See* Doc. No. 1.
Plaintiff is incarcerated at the Federal Detention Center-
Honolulu ("FDC-Honolulu") awaiting sentencing. *See United States
v. Esera*, *et al.*, Cr. No. 13-00860(3) LEK. Plaintiff alleges
that FDC-Honolulu Warden David Shinn, FDC-Honolulu physician
Doctor Ackley, unidentified FDC-Honolulu kitchen staff, and
unidentified cereal manufacturers/suppliers violated his
constitutional rights under the Eighth Amendment. Plaintiff
names all Defendants in their official and individual capacities
and seeks compensatory and injunctive relief.

The court has screened the Complaint pursuant to 28
U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and finds that it states a
cognizable claim for relief in part. Plaintiff's claims against
all Defendants in their official capacities and against the

unidentified cereal manufacturers are DISMISSED with prejudice.
Plaintiff's claims against the unidentified FDC-Honolulu kitchen
workers, and certain claims against Warden Shinn as discussed in
detail below, are DISMISSED without prejudice.  Service is
appropriate for Plaintiff's claims against Warden Shinn and
Doctor Ackley for the denial of medical care, and against Warden
Shinn regarding the provision of contaminated food to inmates.

## I.  <u>STATUTORY SCREENING</u>

The court must screen all civil actions brought by
prisoners regarding prison conditions or seeking redress from a
governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).
Complaints or claims that are frivolous, malicious, fail to state
a claim, or seek relief from a defendant who is immune from such
relief must be dismissed.  28 U.S.C. § 1915(e)(2); 28 U.S.C.
§ 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a
claim if it (1) lacks a cognizable legal theory; or (2) contains
insufficient facts under a cognizable legal theory.  *Balistreri
v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To
state a claim, a pleading must contain a "short and plain
statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 does not require
detailed factual allegations, but "it demands more than an
unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The court must construe a *pro se* complaint liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). A *pro se* prisoner's complaint is "held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson*, 551 U.S. at 94. Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. <u>DISCUSSION</u>

Plaintiff sets forth five claims, each broadly alleging that Defendants violated the Eighth Amendment.

### A.   Official Capacity Defendants

Plaintiff alleges jurisdiction under 42 U.S.C. § 1983. Because he is a federal prisoner asserting civil rights claims against federal agents, however, the court construes his claims as brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).

To state a cognizable *Bivens* claim, Plaintiff must allege that: (1) a right secured under the United States Constitution was violated, and (2) the violation was committed by a federal actor. *Id.; Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988); *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize suits against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Ibrahim v. Dept. of Homeland*

4

*Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). A *Bivens* action may be brought only against the responsible federal official in his or her individual capacity. Plaintiff's claims against Defendants in their official capacities are DISMISSED with prejudice.

**B.     Count III: Cereal Manufacturers**

Plaintiff alleges that unidentified private cereal manufacturers violated the Eighth Amendment by supplying cereal contaminated with maggots to the FDC-Honolulu. *Bivens* does not provide a remedy for wrongs allegedly committed by a private entity or its employees in violation of the Eighth Amendment. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter the officer,' not the agency.") (quoting *Meyer*, 510 U.S. at 486); *Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (holding a prisoner cannot bring a *Bivens* action against an employee of a private entity for damages pursuant to the Eighth Amendment). "[W]here the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . , the prisoner must seek a remedy under state tort law."). *Minneci*, 132 S. Ct. at 626.

Plaintiff may raise his Eighth Amendment claim against the private cereal manufacturers or their employees as a tort

claim in state court, but it is not cognizable under *Bivens*, and is DISMISSED.

## C.   Count III: Unnamed Kitchen Workers

Plaintiff alleges that unidentified FDC-Honolulu kitchen workers violated the Eighth Amendment by serving cereal that was allegedly contaminated with maggots every day between September 24, 2013, and March 24, 2014.  Plaintiff claims these kitchen workers knew there were maggots in the cereal because they parceled it onto the inmate trays.

The Eighth Amendment protects prisoners from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities."  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  Second, a prisoner must demonstrate that prison officials acted with "deliberate

indifference." *Wilson*, 501 U.S. at 303; *Johnson*, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Knowingly serving an inmate cereal contaminated by maggots every day for six months sufficiently alleges an objectively serious deprivation. *Cf. LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (finding that prison food that is occasionally contaminated with foreign objects or served cold is not an objectively serious deprivation). Plaintiff, however, fails to allege sufficient facts to raise a plausible inference that the FDC-Honolulu kitchen workers were acting under color of federal law or were subjectively aware the cereal was contaminated and posed a substantial risk of serious harm, and served it nonetheless, with deliberate indifference to his health.

Plaintiff provides no identifying details regarding the kitchen workers, such as whether they were FDC-Honolulu employees or inmate workers, who are not federal agents subject to suit under *Bivens*. He also alleges no facts showing that they knew the cereal was contaminated and served it with deliberate

indifference to his health. Plaintiff simply alleges that because the cereal was supplied in bulk and parceled out by the workers onto inmate trays, they must have seen the maggots. Plaintiff states that he closely inspected his cereal daily, and if he discovered a maggot, he removed it. Plaintiff's careful inspection of his own cereal does not lead to the inference that the FDC-Honolulu kitchen workers also saw the maggots as they scooped the cereal onto hundreds of trays, and continued serving it knowing it posed a substantial risk of harm. Plaintiff submits no facts showing the kitchen workers were actually aware of the allegedly contaminated cereal until on or about March 2014, when he says Lieutenant Cline saw the maggots and sent the cereal back to the kitchen. Compl., Doc. No. 1, PageID #5. Plaintiff also fails to explain why he waited to grieve the allegedly contaminated cereal until April 23, 2014, if he saw the maggots in his cereal every day for six months.[1] *Id.*, PageID #16 (Pl.'s grievance #776595-F1).

Moreover, if Plaintiff is alleging that *all* FDC-Honolulu kitchen workers conspired to violate his rights by serving contaminated cereal to inmates, he must do so with

---

[1] The purpose behind requiring an inmate to exhaust his complaints is to allow "prison officials an opportunity to resolve disputes . . . before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Waiting six months to file a grievance, after the issue is resolved, defeats this purpose.

particularity.  Conclusory allegations of a conspiracy that are

unsupported by material facts do not state a claim.  *See Simmons*

*v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir.

2003).  As the Ninth Circuit recently explained:

> A civil conspiracy is a combination of two or
> more persons who, by some concerted action,
> intend to accomplish some unlawful objective
> for the purpose of harming another which
> results in damage.  To prove a civil
> conspiracy, the plaintiff must show that the
> conspiring parties reached a unity of purpose
> or a common design and understanding, or a
> meeting of the minds in an unlawful
> arrangement.  To be liable, each participant
> in the conspiracy need not know the exact
> details of the plan, but each participant
> must at least share the common objective of
> the conspiracy.  A defendant's knowledge of
> and participation in a conspiracy may be
> inferred from circumstantial evidence and
> from evidence of the defendant's actions.

*Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012)

(quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th

Cir. 1999) (further citations and quotations omitted).

Conspiracy is not a separate cause of civil rights action, it

only enlarges the number of cognizable defendants.  *Id*.

Plaintiff's conclusory allegations against the FDC-

Honolulu kitchen workers are insufficient to satisfy *Iqbal*'s

pleading standards, *see Lacey*, 693 F.3d at 935, and are DISMISSED

for failure to state a claim.

**D. Claims Against Warden Shinn: Counts I, IV, V**

Plaintiff has been confined in the FDC-Honolulu special housing unit (SHU) since on or about September 24, 2013, classified as an Administrative Detention inmate.[2] He alleges Warden Shinn imposed unconstitutional conditions of confinement in the SHU in retaliation for Plaintiff's gang-related racketeering charges, an attack on a prison guard in Arizona (in which Plaintiff was not involved) (Count I), and for a hunger strike (in which Plaintiff did not participate) (Count IV). Specifically, he alleges Warden Shinn violated the Eighth Amendment by restricting commissary purchases, limiting personal phone calls and changes of clothing, knowingly allowing contaminated cereal to be served, denying him medical care, and failing to follow FDC-Honolulu regulations.

**1.    *Count I: Eighth Amendment Claims re: Restricted Commissary, Changes of Clothing, Telephone Privileges***

Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or the "minimal civilized measure of life's

---

[2] Plaintiff was indicted on gang-related racketeering charges on September 12, 2013, transferred to FDC-Honolulu on September 24, 2013, and pled guilty on March 28, 2014, to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  *See United States v. Esera, et al.*, Cr. No. 13-00860(3); *see also, United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting judicial notice of public records in federal criminal proceedings).

necessities." *Rhodes*, 452 U.S. at 347. "[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitely v. Albers*, 475 U.S. 312, 319 (1986) (internal quotations and citations omitted).

"The denial of adequate clothing can inflict pain under the Eighth Amendment." *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). Conditions of confinement must be more than uncomfortable, however, to violate the Eighth Amendment. *See Rhodes*, 452 U.S. at 347. Although only allowing Plaintiff a change of clothes every five days for three months may have been unpleasant, it did not inflict pain or deprive him of the minimal necessities of life. Similarly, limiting an inmate's purchases from the prison commissary, without more, does not deny an inmate the minimal necessities of life or violate the Eighth Amendment.

Further, allowing a prisoner only monthly personal telephone calls does not violate the First or Eighth Amendments, or due process. *See Valdez v. Rosenbaum* 302 F.3d 1039, 1045–47 (9th Cir. 2002) (holding that restrictions on an inmate's telephone access does not amount to impermissible punishment and that prisoners have no liberty interest in unlimited access to a telephone); *see also Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (discussing inmates' limited rights to freedom of

11

association, and stating, "[a]n inmate does not retain rights inconsistent with proper incarceration"). Prisoners have "the right to communicate with persons outside prison walls," but a telephone is only one means of exercising this right. *Id.* at 1048; *see also Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986) (holding that an inmate's right to communicate is subject to rational limitations in the face of legitimate security interests).

Plaintiff's Eighth Amendment claims regarding limited commissary purchases, monthly personal telephone calls, and limited changes of clothing for three months are DISMISSED for failure to state a claim.

### 2. Count I: Eighth Amendment Claim re: Contaminated Cereal

Plaintiff states that Warden Shinn restricted the SHU inmates' full commissary purchases after an inmate complained about the alleged denial of weekly personal telephone calls. He says Shinn did this, "despite complaints of the food and breakfast of cold dry cereal with magget in it." Compl., Doc. No. 1, PageID #5. Plaintiff says he personally asked Warden Shinn if he could supplement his food provisions from the commissary "because of the food problems." *Id.* A reasonable inference is that Warden Shinn was aware that the dry cereal being served in the SHU was contaminated with maggots and did nothing to remedy the situation. This states a cognizable claim

that Warden Shinn acted with deliberate indifference to Plaintiff's health and safety.  This claim shall be served on Warden Shinn.

### 3. Count I: Eighth Amendment Claim re: Denial of Medical Care

Prison officials violate the constitution when they are "deliberately indifferent" to an inmate's serious medical needs. *See Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (same); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).  To successfully allege that inadequate or negligent medical care constitutes cruel and unusual punishment, a plaintiff must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and that "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Deliberate indifference "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

Plaintiff says he had the flu and acute pain in his throat and chest, but was given no medical attention for approximately three months after he transferred to FDC-Honolulu. Plaintiff alleges that Warden Shinn was informed "on numerous occasions . . . about [his] continuous request for medical

13

attention, s[]ince 9/24/2013." Compl., Doc. No. 1, PageID #5.
Plaintiff alleges he notified Shinn regarding his medical needs
when he submitted "numerous administrative remedies . . .
thr[ough] Counsel[o]r Potts," but he "was not seen [by medical
providers] till Jan. 2014." *Id.*

These allegations support a plausible inference that
Warden Shinn knew that Plaintiff was suffering from potentially
serious medical conditions that posed a risk of further serious
injury and that he was being denied medical attention, yet did
nothing to ensure that Plaintiff received medical care.
Plaintiff is entitled to offer evidence in support of this claim.
Count I, regarding the alleged denial of medical care for three
months states a claims and shall be served on Warden Shinn.

    *4.  Count I: Retaliation*

Plaintiff alleges Warden Shinn imposed the allegedly
unconstitutional conditions of confinement discussed above in
retaliation for an inmate's assault on a guard in Arizona, and
because of Plaintiff's gang-related federal charges. *See* Compl.,
Doc. No. 1, PageID #5 ("[I] asked Warden Shinn why I'm being
treated like this[.]  Warden Shinn stated[,] what did I expect
after what happen [sic] in Arizona (assault on staff)[.]  I told
him I was not even in that Facility 'ever.'  He Warden Shin
stated 'well' and said, what[']s on my indictment[?] and walked
away.").

A viable prison retaliation claim "entails five basic elements: (1) An assertion that a [prison official] took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his [protected] rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1242 (9th Cir. 2013) (stating retaliation "actions need not be tethered to the speech or associational freedoms secured by [the First Amendment] . . . but can be based upon the theory that the government imposed a burden on the plaintiff more generally, 'because he exercised[d] a constitutional right'") (citations omitted). A prisoner must allege that he suffered some harm, since harm that is more than minimal will almost always have a chilling effect. *Id.*, 408 F.3d at 567–68 n.11; *see Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001). Plaintiff has the burden of pleading and proving the absence of legitimate correctional goals. *Pratt*, 65 F.3d at 806. A retaliation claim without an allegation of a "chilling effect" or other harm is not actionable. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff fails to allege that Warden Shinn imposed unconstitutional conditions of confinement in the SHU, on him

personally or SHU inmates in general, based on Plaintiff's protected conduct. A more plausible inference is that Warden Shinn had reasonable concerns regarding Plaintiff and seventeen co-defendants' arriving at FDC-Honolulu on gang-related racketeering charges for conduct allegedly committed while they were incarcerated. *See* Indictment, Cr. No. 13-00860, Doc. No. 1. Shinn's reference to the staff assault in Arizona supports this concern (and suggests that attack may have been gang-related). Being a gang member or associating with gang members is not protected conduct.

Plaintiff also fails to assert how these alleged restrictions at the SHU chilled Plaintiff's exercise of protected rights. He admits he filed "numerous administrative remedies," spoke with Counselor Potts and Warden Shinn personally, and filed the present action. He fails to allege any facts showing that any protected activity was chilled. Rather, Plaintiff's statements suggests that restrictions in the SHU were imposed to advance the legitimate correctional goal of discouraging illicit gang activity in the prison. To the extent Plaintiff alleges Warden Shinn denied him medical care in retaliation for his gang-member status or charges, this claim is nothing more than a conclusory assertion devoid of supporting facts. Plaintiff's retaliation claims in Count I against Warden Shinn fail to state a claim and are DISMISSED.

16

**5.    *Count IV: Retaliation for Hunger Strike***

Plaintiff alleges that, on May 11, 2014, Warden Shinn rewrote FDC-Honolulu's SHU regulations to restrict Administrative Detention inmates' personal telephone calls to once monthly in retaliation for a March 28, 2014, hunger strike in which Plaintiff did not participate.[3] *See* Compl., Doc. No. 1, PageID #11.

Because Plaintiff asserts that he did not participate in the hunger strike, he technically concedes that he did not engage in the protected conduct that allegedly resulted in retaliation.  Plaintiff fails to allege that Shinn's allegedly retaliatory act chilled the exercise of Plaintiff's protected rights or resulted in other actionable harm to him.  *See Rhodes*, 408 F.3d at 568; *Resnick*, 213 F.3d at 449.  As discussed above, Plaintiff has no right to unlimited personal telephone calls and therefore suffered no constitutional harm from this restriction. Moreover, Plaintiff filed his Complaint three days after the restriction was allegedly put into effect throughout the SHU.  It is impossible to infer that this restriction had a chilling effect on Plaintiff's protected conduct.  Plaintiff also fails to plead the absence of any legitimate correctional goals.  Even

---

[3] These dates appear to conflict with those in Count I, where Plaintiff intimates that Warden Shinn's alleged retaliation, including limited telephone calls, began much earlier and was based on Plaintiff's charges and alleged attacks at another prison.

accepting that Warden Shinn indiscriminately punished *all* SHU inmates for the hunger strike, Plaintiff fails to state a retaliation claim in Count IV.

  *a. Violation of Prison Rules*

  To the extent Plaintiff claims Warden Shinn violated his civil rights when he allegedly amended FDC-Honolulu guidelines to restrict all SHU inmates' personal telephone calls, he fails to state a claim. The violation of a prison rule is not cognizable under *Bivens*, because *Bivens* actions provide relief for violations of the United States Constitution or laws of the United States only, not for the violation of prison rules. *See Carlson v. Green*, 446 U.S. 14, 18 (1980) (allowing *Bivens* action against federal actors for alleged violation of Eighth Amendment).

  Moreover, the rule Plaintiff refers to in support of his alleged right to weekly personal telephone calls states only, "To the extent practical, inmates in Administrative Detention shall be provided with the same general privileges as inmates in general population." *See* Compl., Doc. No. 1, PageID #9. This language is discretionary and applies only when "practical." This provision also states that "Inmates in the Special Housing Unit are authorized one phone call every thirty days, provided the inmate does not have a current phone restriction." *Id.*

Plaintiff asserts that he is in the SHU, and therefore, he is entitled to only monthly personal telephone calls, not weekly.

Plaintiff fails to state a cognizable retaliation claim against Warden Shinn in Count IV and it is DISMISSED.

### 6. Count V: Eighth Amendment Violation for Slip and Fall

Plaintiff claims that on or about April 23, 2014, he fell and injured himself when he stepped from his shower, because water accumulated on the ground outside of the shower. Plaintiff alleges that Warden Shinn violated the Eighth Amendment when he failed to "abide by safety regulations" and did not ensure that shower mats or safety strips were placed outside the shower. Compl., Doc. No. 1, PageID #12.

"[T]o show an Eighth Amendment violation, a prisoner must typically show that a defendant acted, not just negligently, but with 'deliberate indifference.'" *Minneci*, 132 S. Ct. at 625 (quoting *Farmer*, 511 U.S. at 834)). Plaintiff alleges no facts suggesting that Warden Shinn deliberately withheld safety mats or shower strips from Plaintiff's cell with subjective indifference to his safety. At most, Plaintiff's claim suggests negligence or gross negligence. Plaintiff fails to state a violation of the Eighth Amendment regarding his slip and fall in the FDC-Honolulu shower and this claim is DISMISSED.

a. *Federal Tort Claim Act*

Although this court must "continue to construe pro se filings liberally," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action," and should review a complaint as it is pled. *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999). The court will not construe this claim as brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, but he may reallege it as such.

Plaintiff is notified, however, that the FTCA requires timely exhaustion of administrative remedies with the appropriate federal agency *before* commencement of a tort action against the government. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff's receipt for filing a grievance about this accident shows that prison officials had until May 28, 2014, two weeks after Plaintiff commenced this action, to respond to his grievance. *See* Compl., Doc. No. 1, PageID # 17 (Grievance #778810-F1). Because prison officials had not yet responded to Plaintiff's grievance, he neither fully exhausted his claim within the meaning of the Prison Litigation Reform Act nor

pursuant to the FTCA, before he commenced this action. *See* 28
U.S.C. § 2675(a); 42 U.S.C. § 1997e(a).

**E.    Count II: Doctor Ackley**

Plaintiff alleges that FDC-Honolulu physician Doctor
Ackley refused to treat him for the flu and acute pain in his
throat and chest from September 2013 until January 2014, despite
numerous requests for medical care.  Plaintiff alleges that
Doctor Ackley told him, "as long as [you are] in SHU, [you] will
not be getting medical attention."  Compl., Doc. No. 1, PageID
#6.

Accepting that severe chest and throat pain, and
untreated flu symptoms for three months are serious medical
conditions, and that the failure to treat Plaintiff caused him to
suffer and could have resulted in further harm, Plaintiff
sufficiently states an Eighth Amendment violation against
Dr. Ackley.  *See Jett*, 439 F.3d at 1096 (9th Cir. 2006) (delay
of, or interference with, medical treatment can amount to
deliberate indifference).  Count III shall be served on Doctor
Ackley.

### III    <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED IN PART as discussed
above.  Plaintiff may file an amended complaint on or before
**August 4, 2014**, curing the specific deficiencies noted in those
claims that are not dismissed with prejudice, if possible.  If

21

Plaintiff elects to file an amended complaint, it must contain short, plain statements explaining how Defendants violated his rights in light of the court's discussion.  It must be designated as the "First Amended Complaint," and be retyped or rewritten **in its entirety** on court-approved forms; it may not incorporate any part of the original or complaint by reference without court approval.[4]  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Claims "that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.* at 928.[5]  Plaintiff is further reminded that an amended complaint's allegations may not "contradict[] any of the allegations of [the] original complaint," or allege facts inconsistent with the original pleading.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

In the alternative, Plaintiff may elect to proceed with Count I against Warden Shinn, to the extent it alleges Shinn knew yet did nothing about the allegedly contaminated food and denial of medical care, and Count II against Doctor Ackley.  If

---

[4] Plaintiff must **legibly** print or type his claims only on the lines provided and use additional pages if necessary. Plaintiff may not write between the lines in cramped, tiny print to avoid appending extra pages to his compliant, as in the original Complaint.

[5] Claims that have been dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

Plaintiff elects to proceed only on these claims against Defendants Shinn and Ackley, he should notify the court on or before **August 4, 2014**.

If Plaintiff fails to either notify the court of his intent to stand on these claims or to timely amend the complaint or on or before **August 4, 2014**, the court will direct service of these claims only on Defendants Shinn and Ackley, and the remaining claims and Defendants will remain dismissed.

## IV.  CONCLUSION

1.  The Complaint is DISMISSED IN PART for Plaintiff's failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2.  Count I, naming Warden Shinn and pertaining to the provision of contaminated cereal and denial of medical care, and Count II, naming Doctor Ackley and alleging the denial of medical care, state cognizable claims for relief and are appropriate for service.

3.  Claims against all Defendants in their official capacities, and claims in Count III against unidentified cereal manufacturers are DISMISSED with prejudice.

4.  All other claims in Counts I, III, IV, and V are DISMISSED without prejudice for failure to state a claim.

5.  Plaintiff may file an amended complaint on or before **August 4, 2014**, curing the specific deficiencies noted in

Counts I, III, IV, and V, if possible. In the alternative, Plaintiff may stand on his claims against Defendants Shinn and Doctor Ackley in Counts I and II. If Plaintiff elects to stand on these claims, he must notify the court of his decision on or before **August 4, 2014**. If Plaintiff fails to notify the court or file a timely amended complaint, the court will order these claims and this Order served on Defendants Warden Shinn and Doctor Ackley.

6. The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Jones v. Shinn,* 1:14-cv-00231 JMS/BMK; 2014 scrng J:\Denise's Draft Orders\LEK\Jones 14-231 LEK (dsm in part, ord svc).wpd

24