IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OPHERRO G. JONES, Fed. Reg. #02902-122, | CIV. NO. 14-00231 LEK/BMK |
| Plaintiff, | DISMISSAL ORDER |
| vs. | |
| WARDEN SHINN, et al., | |
| Defendants. | |

## **DISMISSAL ORDER**

Plaintiff commenced this civil action on May 14, 2014. He chose to pay the filing fee and is not proceeding *in forma pauperis*. *See* Doc. No. 4. On August 18 and 29, 2014, the court instructed Plaintiff to serve the original complaint on Defendants Shinn and Ackley. Doc. Nos. 19, 23. On September 26, 2014, the court instructed Plaintiff to serve his amended pleading on Defendants Shinn, Ackley, and Inouye. Doc. No. 25. On December 3, 2014, the court ordered Plaintiff to serve Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure on or before January 25, 2015. Doc. No. 30. The court notified Plaintiff that failure to do so without a showing of good cause could result in dismissal of this action. *Id.* Plaintiff neither served Defendants nor otherwise responded to the December 3, 2014 Order.

On February 27,2015, the court ordered Plaintiff to show cause in writing on or before March 24, 2015, why this action should not be dismissed without prejudice for his failure to serve Defendants and prosecute this action. Doc. No. 31. Plaintiff was notified again that failure to do so would result in dismissal of this action for failure to prosecute or follow a court order. The deadline to respond to the February 27, 2015 Order to Show Cause has passed, and Plaintiff has neither responded nor shown proof of service.

## I. DISCUSSION

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 633 (1962) (recognizing courts' power to control their dockets, with or without motion, and noting that in appropriate circumstances, the court may dismiss a complaint for failure to prosecute without notice or hearing). This inherent power is recognized in Federal Rule of Civil Procedure 83: "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." It is "broader and more flexible than the authority specified in [Rule]

41(b)." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 951 (9th Cir. 1976) (citing *Link*, 370 U.S. at 630-32).

Thus, a court may dismiss an action with or without prejudice based on a party's failure to prosecute or failure to comply with federal or local rules of civil procedure. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming district court's discretionary dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and comply with local rules).

Before dismissing an action for failure to prosecute, obey a court order, or comply with court rules, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831. "[T]he key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th

Cir. 1990); see also *Ferdik*, 963 F.2d at 1260 (noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants").

Plaintiff filed this action nearly a year ago and has made no apparent effort to serve Defendants. The court has sent Plaintiff a copy of Rule 4, instructed him to serve Defendants pursuant to Rule 4(i), granted extensions of time to effect service, and directed him several times to either serve defendants or show good cause why he cannot. *See* Doc. Nos. 18, 19, 23, 25, 30, 31. These attempts to enable Plaintiff to serve the Complaint have been ineffective. Plaintiff's failure to serve Defendants or respond to the court's orders prevents the case from proceeding and prejudices the Government's ability to promptly respond to and investigate his claims. The court finds that the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## II. CONCLUSION

Having carefully considered the five factors set forth in *Ferdik*, 963 F.2d at 1260, this action is DISMISSED. *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987). Because dismissal with prejudice is unnecessarily

4

harsh, this dismissal is without prejudice.  The Clerk shall close the case and enter judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 8, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Jones v. Shinn,* 1:14-00231 LEK/BMK; psa defc'y & dsm ords 2015; J:\PSA Draft Ords\LEK\Jones 14-231 LEK (dsm f.pros, srv, respd OSC).wpd